IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY ENGLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 11-CV-491-GKF-PJC |
| | ) |
| HILTI, INC., | ) |
| HILTI OF AMERICA, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Quash Subpoena to Third Party. [Dkt. No. 25]. For the reasons set forth below, the motion is **GRANTED**.

The Second Amended Scheduling Order in this case set a discovery deadline of November 28, 2012. The Order warned the parties that discovery requests -- specifically interrogatories and Rule 34 requests for production – "must be made 30 days in advance" the discovery cutoff. [Dkt. No. 22, ¶ 4]. Here, pursuant to Fed. R. Civ. P. 45, Plaintiff served a subpoena on non-party[1] Adecco USA, Inc., ("Adecco") on November 28 demanding production of documents "on or before December 11, 2012."

This Court has held that discovery pursuant to a Rule 45 subpoena constitutes discovery. *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001). *See also* Fed. R. Civ. P. 34(c), noting that document discovery from third parties may be compelled by Rule 45 subpoena.

---

[1] Adecco was initially a defendant in this case, but is no longer a party due to a settlement and Stipulation of Dismissal [Dkt. Nos. 23 & 24].

1

Having determined that a request for documents under Rule 45 is discovery, the question is whether a party may use the Court's subpoena power to compel document discovery after the Court's discovery cutoff date. The answer is no. *Rice*, 164 F.R.D. at 558 (Rule 45 subpoenas were a form of discovery "subject to the Court's discovery deadline."); *Grant*, 199 F.R.D. at 675 ("Litigants may not use the subpoena power of the court to conduct discovery after the discovery deadline."); *Dodson v. CBS Broadcasting, Inc.*, 2005 WL 3177723 *1 (S.D.N.Y. Nov. 29, 2005) (Party cannot use subpoena power of court after discovery deadline to obtain materials that could have been obtained through discovery).

Plaintiff's subpoena was issued on the discovery cutoff date. Since Rule 45 requires a "reasonable time to comply," it is clear that the documents could not be produced before discovery cutoff. Indeed, the subpoena envisioned production on December 11, 2012, well after the discovery deadline.

Plaintiff argues that she sought the documents at issue in a document request served on Adecco in May 2012. However, in the six-and-a-half months since that document request was served, Plaintiff has not sought to compel production of the documents requested. Furthermore, Adecco has been dismissed as a party to this action and is no longer obligated to respond to the Rule 34 requests. Plaintiff also contends that Defendant's Rule 30(b)(6) witness relied on these documents at her deposition the day before the discovery deadline. From the record evidence, the Court does not find that the deponent, Janet King "relied" on the documents Plaintiff seeks in formulating her deposition testimony. Counsel asked King: "And the payroll records show the

dates of the transfer, correct?" To which King responded: "I would think so. I don't have – I don't have records." [Dkt. 32-2, lines 9-12]. This does not indicate that the deponent was relying on any specific documents.

**ACCORDINGLY**, Plaintiff's subpoena is untimely and the Motion to Quash is therefore **GRANTED.**

**DATED** this 27th day of December 2012.

_____
Paul J. Cleary
United States Magistrate Judge